[This opinion has been published in *Ohio Official Reports* at 79 Ohio St.3d 1229.]

THE STATE EX REL. THE PLAIN DEALER *v*. OHIO DEPARTMENT OF INSURANCE.

[Cite as *State ex rel. The Plain Dealer v. Ohio Dept. of Ins.*, 1997-Ohio-73.]

(No. 96-2247—Submitted July 7, 1997—Decided July 16, 1997.)

IN MANDAMUS.

———————————

{¶ 1} This cause originated in this court on the filing of a complaint for a writ of mandamus.

{¶ 2} IT IS ORDERED by the court, *sua sponte*, and in response to the motion for clarification of intervenor, that intervenor, Blue Cross/Blue Shield of Ohio, file with the Clerk of this court on or before July 23, 1997, the following documents:

1. *Unredacted* attachments to the July 30, 1996 letter from Climaco, Climaco, Seminatore, Lefkowitz & Garofoli Co., L.P.A., to Robert H. Katz, Ohio Department of Insurance, in response to the June 27, 1996 letter from David S. Meyer, Ohio Department of Insurance, including the following:

a.  December 12, 1995 letter from Climaco, Climaco, Seminatore, Lefkowitz & Garofoli Co., L.P.A., to David Colby of Columbia/HCA Health Care Corporation, in unredacted form;

b.  January 22, 1996 letter to Fried, Frank, Harris, Shriver & Jacobson to Climaco, Climaco, Seminatore, Lefkowitz & Garofoli Co., L.P.A., in unredacted form;

c.  March 7, 1996 memo attached to July 30, 1996 letter, in unredacted form;

d.  March 19, 1996 memo from Fried, Frank, Harris, Shriver & Jacobson to Climaco, Climaco, Seminatore, Lefkowitz & Garofoli Co., L.P.A., including any attachments or enclosures, in unredacted form.

2.  July 31, 1996 letter from Douglas A. Andrews to Robert H. Katz, in original or unredacted form.

3.  All attachments or enclosures, in original or unredacted form, to the July 31, 1996 letter from Douglas A. Andrews to Robert H. Katz.

{¶ 3} IT IS FURTHER ORDERED by the court, *sua sponte*, that no further extensions of time to submit the aforementioned documents shall be permitted.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., dissents.

───────────────

**DOUGLAS, J., dissenting.**

{¶ 4} I respectfully dissent.  The within order (entry re trade secrets) of the majority assumes the answer to the ultimate question before the court.  The question is whether documents required by the Ohio Department of Insurance to be submitted to the department for its use in connection with an examination conducted pursuant to R.C. 3901.07 are public records notwithstanding the confidential-work-papers provision of R.C. 3901.48(B).  This threshold question must and should be answered before the trade-secret-protection matter (R.C. 1333.61) even becomes an issue.

{¶ 5} By issuing today's order, the majority has, if effect, answered the ultimate question without explanation.  Given the importance of the confidentiality issue, as evidenced by the briefs of the *amici* Ohio Manufacturers' Association, the Ohio Chamber of Commerce, the Ohio Insurance Institute, the Association of Ohio Life Insurance Companies and the National Association of Insurance Commissioners, all filed on behalf of respondents Ohio Department of Insurance and its Superintendent/Director Harold T. Duryee, it would seem that the majority, bypassing the real issue, has the cart before the horse.  In doing so, I submit, the respondents are confronted with the dilemma of either violating R.C. 3901.48 and

complying with this court's order, or complying with the statute and, in a piecemeal fashion, providing the material that might or could be covered by the court's order.

**{¶ 6}** Given the content, scope, and effect of the within order, I am left to wonder: Where are those voices which were so loudly heard on alleged liberal judicial activism regarding the school-funding case? They seem to be strangely quiet.

**{¶ 7}** I respectfully dissent.

———————————